| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Joseph M. Sholder    Bar No. 126347<br>Griffith & Thornburgh, LLP<br>8 E. Figueroa Street, Suite 300<br>Santa Barbara, CA 93101<br>Phone: (805) 965-5131<br>Fax: (805) 965-6751<br>Email: sholder@g-tlaw.com<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Movants* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA** - NORTHERN DIVISION

| In re:<br>Clearwater Nursery, Inc.<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 9:17-bk-10525-PC<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: August 15, 2017<br>TIME: 10:00 a.m.<br>COURTROOM: 201 |
|---|---|

**Movant**: Carolina Ramirez; Luis Angel Colunga Gocabar; Nelly Gonzales; Margarita Hernandez; Rigoberto Saavedra; Liney Silva

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☒ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee *(if any)*(Responding Parties), their attorneys *(if any)*, and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.   When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.   If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.   ☒   This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.   ☐   This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a.   ☐   An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.   ☐   An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.   ☐   An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  July ⁄₁ 2017

GRIFFITH & THORNBURGH, LLP
Printed name of law firm (if applicable)

Joseph M. Sholder
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                        F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

    a. ☒ Plaintiff

    b. ☐ Defendant

    c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

    a. *Name of Nonbankruptcy Action*: Ramirez, et al. vs. Clearwater Nursery, Inc., et al.

    b. *Docket number*: CV110083

    c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:* San Luis Obispo County Superior Court

    d. Causes of action or claims for relief (Claims): Class Action lawsuit re multiple Labor Code violations and violations of Bus. & Prof. Code.

3. **Bankruptcy Case History:**

    a. ☒ A voluntary ☐ An involuntary   petition under chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
       was filed on (*date*) March 28, 2017_____.

    b. ☐ An order to convert this case to chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
       was entered on (*date*) _____.

    c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

    a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

    b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

    e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.NONBK.MOTION

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☐ Other (*specify*):

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:** *(Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☒ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 4.    **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date: July 20, 2017

Griffith & Thornburgh, LLP
Printed name of law firm (*if applicable*)

Joseph M. Sholder
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 5                    F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Allen K. Hutkin _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☐ I am the Movant.
    ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☐ Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒ Plaintiff
    ☐ Defendant
    ☐ Other (*specify*):

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action:* Ramirez, et al. vs. Clearwater Nursery, Inc., et al.
    b.  *Docket number:* CV110083
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending:* San Luis Obispo County Superior Court

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:
        Class Action lawsuit for violations of California Labor Code and Business & Professions Code, including, but not limited to, (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime; (3) Failure to Provide Meal and Rest Periods; (4) Failure to Pay All Wages Upon Discharge; (5) Failure to Provide Itemized Wage Statements, (6) Failure to Provide Necessary Protective Clothing and Equipment and Failure to Indemnify Employees for Work-Related Expenses; (7) Unlawful Competition Pursuant to Bus. & Profs. Code §17200, et seq.; (8) Violation of Private Attorneys General Act.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit A.

    c.  The Nonbankruptcy Action was filed on (*date*) 2/3/2011 .

    d.  Trial or hearing began/is scheduled to begin on (*date*) 10/23/2017 .

    e.  The trial or hearing is estimated to require 5-10 days (*specify*).

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):
        Movants herein are all named Plaintiffs in the lawsuit.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.   Other defendants in the Nonbankruptcy Action are (specify):
Mahmood Jafroodi; Custom Labor Services, Inc.

5.   **Grounds for relief from stay:**

a.   ☐   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to
enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that
Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under
11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☒   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in
effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate,
except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary
complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim
against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number
are (specify):

d.   ☒   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)   ☒   It is currently set for trial on (date) 10/23/17      .

(2)   ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by
(date) _____. The basis for this belief is (specify):

(3)   ☒   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum
is the most efficient use of judicial resources.

e.   ☐   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the
Nonbankruptcy Action.

(1)   ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
commencement documents.

(2)   ☐   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with
the Nonbankruptcy Action based upon the following facts (specify):

(3)   ☐   Multiple bankruptcy cases affecting the Property include:

(A) Case name:
Case number:                          Chapter:
Date filed:                Date discharged:                Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:

    Case number:                      Chapter:

    Date filed:              Date discharged:           Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:

    Case number:                      Chapter:

    Date filed:              Date discharged:           Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

July 20, 2017    Allen K. Hutkin

Date           Printed name                      Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 8                F 4001-1.RFS.NONBK.MOTION

1    Allen K. Hutkin (#143200)
    HUTKIN LAW FIRM
2    1229 Higuera Street, First Floor
    San Luis Obispo, CA 93401
3    Telephone: (805) 544-1500
    Facsimile: (805) 544-1532
4

5    Julia L. Montgomery (#184083)
    Shannon M. Going (#273844)
    CALIFORNIA RURAL LEGAL
6    ASSISTANCE FOUNDATION
    2210 K Street, Suite 201
7    Sacramento, CA 95816
    Telephone: (916) 446-7904
8    Facsimile: (916) 446-3057

9    Attorneys for Plaintiffs

FILED

APR – 8 2011

SAN LUIS OBISPO SUPERIOR COURT
BY _____
R. Wonfiste, Deputy Clerk

10

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

              **COUNTY OF SAN LUIS OBISPO**

12

| | |
|---|---|
| 13   CAROLINA RAMIREZ; LUIS ANGEL COLUNGA GOCABAR; NELLY GONZALES; MARGARITA HERNANDEZ; RIGOBERTO SAAVEDRA; LINEY SILVA, individually and on behalf of other individuals employed under common circumstances and facts,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEARWATER NURSERY, INC.; MAHMOOD JAFROODI; CUSTOM LABOR SERVICES, INC.; and DOES 1 TO 20, inclusive,<br><br>Defendants. | ) CV 110083 )<br>) )<br>) **\*AMENDED CLASS ACTION**<br>) **COMPLAINT**<br>)<br>) 1. Failure to Pay Minimum Wages;<br>) 2. Failure to Pay Overtime;<br>) 3. Failure to Provide Meal and Rest<br>)     Periods;<br>) 4. Failure to Pay All Wages Upon<br>)     Discharge;<br>) 5. Failure to Provide Itemized Wage<br>)     Statements;<br>) 6. Failure to Provide Necessary<br>)     Protective Clothing and Equipment<br>)     and Failure to Indemnify Employees<br>)     for Work-Related Expenses;<br>) 7. Unlawful Competition Pursuant to<br>)     Bus. & Profs. Code §17200, et seq.;<br>) 8. Unlawful Competition Pursuant to<br>)     Bus. & Profs. Code §17200, et seq.<br>) 9. Violation of Private Attorneys<br>)     General Act<br>)<br>) **\*AMENDED AS A MATTER OF**<br>) **RIGHT PURSUANT TO CALIFORNIA**<br>) **LABOR CODE §2699.3 (a)(2)(C)** |

1

**AMENDED CLASS ACTION COMPLAINT**

1       Plaintiffs Carolina Ramirez, Luis Angel Colunga Gocabar, Nelly Gonzales,

2 Margarita Hernandez, Rigoberto Saavedra, and Liney Silva bring this suit as a class

3 action under Civil Code § 382 against Clearwater Nursery, Inc., Mahmood Jafroodi, and

4 Custom Labor Services, Inc. individually and on behalf of other individuals employed

5 under common circumstances and facts.

6                   **I. INTRODUCTION**

7       1.     This action revolves around Defendants' Clearwater Nursery, Inc.,

8 Mahmood Jafroodi, and Custom Labor Services, Inc.'s (hereinafter collectively referred

9 to as "Clearwater Nursery" or "Defendants") systematic failure to pay its California non-

10 exempt employees in conformance with California labor law. Plaintiffs Carolina

11 Ramirez, Luis Angel Colunga Gocabar, Nelly Gonzales, Margarita Hernandez, Rigoberto

12 Saavedra, and Liney Silva (hereinafter collectively referred to as Plaintiffs) are or were

13 employed as non-exempt employees by Defendants in and around San Luis Obispo

14 County to perform various tasks, including but not limited to, assembly line packaging

15 work, preparation and selection of plants for packing, clean-up work, unpacking of boxes

16 and other tasks as assigned. Plaintiffs allege that they have suffered injury and pecuniary

17 loss as a result of Defendants' failure to comply with labor laws and health and safety

18 regulations. Defendants' employment practices are unlawful and contrary to the public

19 policy of the State of California. Therefore, Plaintiffs bring this action under California's

20 Unfair Competition Law (the UCL) (Business and Professions Code 17200, et seq.)

21 individually and acting for the interests of other current and former employees in order to

22 enforce California labor laws and health and safety regulations.

23       2.     Plaintiffs for themselves individually and for all other employees who

24 have a common interest, through their class-wide claims, seek restitution and other

25 appropriate relief for Defendants' failure to pay minimum and overtime wages for all

26 hours worked; failure to maintain adequate time records, failure to provide adequate wage

27 statements; and failure to authorize and permit the requisite number of rest periods and

28 meal periods per work period. Plaintiffs also seek relief for each Defendant's failure to

1    provide potable drinking water, and toilet and washing facilities.

2       3.     Plaintiffs individually and for all others who have a common interest, also

3    seek injunctive relief requiring each Defendant to comply with all applicable California

4    labor laws and regulations in the future and preventing each Defendant from engaging in

5    and continuing to engage in unlawful and unfair business practices. Plaintiffs also seek

6    declaratory relief enumerating Defendants' violations so Defendants and the general

7    public will have clarity and guidance regarding Defendants' future employment practices.

8    **II. PARTIES**

9       4.     Plaintiff Carolina Ramirez is an individual residing in Santa Barbara

10    County. She was employed as a non-exempt employee by Defendants in and around San

11    Luis Obispo County at least during the last two years. Plaintiff Luis Angel Colunga

12    Gocabar is an individual residing in San Luis Obispo County. He was employed as a

13    non-exempt employee by Defendants in and around San Luis Obispo County at least

14    during the last four years. Plaintiff Nelly Gonzales is an individual residing in San Luis

15    Obispo County. She was employed as a non-exempt employee by Defendants in and

16    around San Luis Obispo County at least during the last four years. Plaintiff Margarita

17    Hernandez is an individual residing in Santa Barbara County. She was employed as a

18    non-exempt employee by Defendants in and around San Luis Obispo County at least

19    during the last four years. Plaintiff Rigoberto Saavedra is an individual residing in San

20    Luis Obispo County. He was employed as a non-exempt employee by Defendants in and

21    around San Luis Obispo County at least during the last four years. Plaintiff Liney Silva is

22    an individual residing in San Luis Obispo County. She was employed as a non-exempt

23    employee by Defendants in and around San Luis Obispo County at least during the last

24    three years. As a result of the labor violations and Defendants' practices described

25    herein, Plaintiffs have suffered injury in fact and have lost money or property.

26       5.     Plaintiffs and all other individuals currently and formerly employed under

27    common circumstances and facts hereafter will sometimes be collectively referred to as

28    members of the Plaintiff Class.

3

1    6.    Plaintiffs are informed and believe and thereon allege that Defendant

2  Clearwater Nursery, Inc. is a California corporation that operates as an agricultural

3  business in and around San Luis Obispo County.  Its principal place of business is located

4  at 887 Mesa Road, Nipomo, San Luis Obispo County, California 93444.

5    7.    Defendant Mahmood Jafroodi is an individual employer operating an

6  agricultural business in San Luis Obispo, California.  Plaintiffs allege that Defendant

7  Mahmood Jafroodi is a "person acting on behalf of an employer" pursuant to Labor Code

8  § 558 or a joint employer of Plaintiffs and other members of the Plaintiff Class.

9    8.    Defendant Custom Labor Services, Inc. is a California corporation that

10  operates as an agricultural business in and around the Santa Barbara and San Luis Obispo

11  counties.  Its principal place of business is located at 1204 West Cook Street, Santa

12  Maria, Santa Barbara County, California, 93458.  Plaintiffs allege that Defendant,

13  Custom Labor Services, Inc., is a farm-labor contractor and is a joint employer of

14  Plaintiffs and other members of the Plaintiff Class.

15    9.    Defendants directly or indirectly or through an agent or other person

16  exercise control or exercised control over Plaintiffs' and other members of the Plaintiff

17  Class' wages, hours and working conditions.

18    10.    Defendants directly or indirectly or through an agent or other person

19  engaged, suffered or permitted Plaintiffs and other members of the Plaintiff Class to

20  work.

21    11.    Plaintiffs are ignorant of the true names or capacities of the Defendants

22  sued herein under the fictitious names of DOES 1 through 20, inclusive, and therefore sue

23  Defendants under such fictitious names.  Plaintiffs will amend this complaint to allege the

24  true names or capacities of these Defendants once they have been ascertained.  Plaintiffs

25  are informed and believe and thereon allege that each Defendant is responsible in some

26  manner for the occurrences herein alleged, and that the damages herein alleged were

27  actually and proximately caused by each Defendant's conduct.

28    12.    Plaintiffs are informed and believe and thereon allege that at all times

AMENDED CLASS ACTION COMPLAINT

1    mentioned herein, Defendants, including DOES, were acting as the agent of every other

2    Defendant, and all acts alleged to have been committed by any Defendants were

3    committed on behalf of every other Defendant; and, at all times mentioned herein, each

4    alleged act was committed by each Defendant and/or agent, servant, or employee of each

5    Defendant, and each Defendant directed, authorized or ratified each such act. Plaintiffs

6    are informed and believe and thereon allege that each Defendant, including DOES, was

7    the agent, employee, coconspirator, business affiliate, subsidiary, parent entity, owner

8    and/or joint venturer of each other Defendant; and, in causing the injuries herein alleged,

9    each Defendant was acting at least in part within the course and scope of such agency,

10    employment, conspiracy, joint employership, alter ego status, and/or joint venture, and

11    with the permission and consent of each of the other Defendants.

12    <strong>III  FACTUAL ALLEGATIONS</strong>

13    <strong>A. <u>Allegations of Class Representatives</u>:</strong>

14    13.    Clearwater Nursery employed each Plaintiff at varying times to work for

15    Defendants' business during the four years prior to the filing of this Complaint until

16    approximately mid-August 2010. Each Plaintiff worked for Defendants' business in San

17    Luis Obispo County, at the real property located at 887 Mesa Road, Nipomo, San Luis

18    Obispo County, California 93444. Plaintiffs were employed as a non-exempt, packaging

19    workers.

20    14.    Plaintiffs are informed and believe and thereon allege that in 2011 and in

21    the four years preceding the filing of this complaint, each Defendant has employed other

22    individuals as nursery workers under the same or similar circumstances as Plaintiffs, and

23    has employed them at the same job site as Plaintiffs, including at the real property located

24    at 887 Mesa Road, Nipomo, San Luis Obispo County, California 93444. These

25    individuals, along with Plaintiffs, are referred to collectively as the Plaintiff Class in this

26    complaint.

27    15.    Throughout Plaintiffs' tenure with Clearwater Nursery, Defendants

28    scheduled Plaintiffs' and other <u>Exhibit A - Page 13</u> intiff Class' workdays. Plaintiffs and

1    members of the Plaintiff Class are or were instructed and required to report to work at

2    Defendants' principal place of business (nursery) at a time typically set on the previous

3    day of work.

4        16.    Plaintiffs and other members of the Plaintiff Class are or were instructed

5    and required by Defendants to wait at the end of their workday an additional 30 to 45

6    minutes while clocked out so that supervisors could determine their start time for the next

7    work day before the Plaintiffs and other members of the Plaintiff Class were allowed to

8    depart from the nursery for the day.

9        17.    Plaintiffs and other members of the Plaintiff Class have been or are

10   allowed to take only one compensated rest break per workday, scheduled before lunch,

11   but are not or have not been allowed to take a second rest break during the work period.

12       18.    Defendants have failed to provide Plaintiffs and on information and belief

13   other members of the Plaintiff Class with a second full 30 minute meal period for each

14   workday in excess of 10 hours. When Plaintiffs and other members of the Plaintiff Class

15   miss their proper meal periods, they are not provided with additional compensation as

16   required by California Labor Code 512 and the applicable Wage Order.

17       19.    As a result of the above, Defendants did not pay Plaintiffs and, on information

18   and belief, other members of the Plaintiff Class for all hours worked, correct overtime pay,

19   and/or for missed rest breaks and meal periods.

20       20.    Throughout Plaintiffs' tenure with Clearwater Nursery, Defendants have

21   failed to maintain or furnish time records reflecting the true hours that Plaintiffs and, on

22   information and belief, other members of the Plaintiff Class worked, and have otherwise

23   failed to keep and provide required employment records in violation of California Labor

24   Code and Regulations.

25       21.    Defendants failed to provide Plaintiffs with potable drinking water.

26       22.    Plaintiffs are informed and believe and thereon allege that, at all times

27   material to this action and during the four years prior to the filing of this complaint, each

28   Defendant has failed to provide potable drinking water to other similarly employed

AMENDED CLASS ACTION COMPLAINT

1  members of the Plaintiff Class, and, on information and belief, Plaintiffs further allege

2  that each Defendant currently does not provide potable water and as a result of this

3  practice Plaintiffs and other similar members of the Plaintiff Class are injured and

4  suffered a loss of money or property.

5        23.    Throughout their tenure with Clearwater Nursery, Defendants have failed to

6  provide Plaintiffs with sufficient toilet and washing facilities.

7        24.    Plaintiffs are informed and believe and thereon allege that, at all times

8  material to this action and during the four years prior to the filing of this complaint,

9  Defendants have failed to provide sufficient toilet and washing facilities for other

10  members of the Plaintiff Class and, on information and belief, Plaintiffs allege that each

11  Defendant currently does not provide sufficient toilet and washing facilities to members

12  of the Plaintiff Class and as a result of this practice Plaintiffs and other members of the

13  Plaintiff Class are injured and suffered a loss of money or property.

14        25.    Defendants either terminated Plaintiffs or they voluntarily left their employment

15  with Defendants.

16        26.    Defendants violated Labor Code §§201 or 202 by failing to pay Plaintiffs

17  all wages due on the date of employees' involuntary termination or within 72 hours of

18  receipt of notice of each employee' s voluntary termination.

19        27.    Plaintiffs are informed and believe and thereon allege that Defendant

20  Mahmood Jafroodi ("Jafroodi") is now, and was at all times mentioned herein, doing

21  business as Clearwater Nursery, Inc., which is a business of unknown form and which

22  maintains its headquarters and principal place of business in Nipomo, County of San Luis

23  Obispo, California.

24        28.    Plaintiffs are informed and believe and thereon allege that Defendant

25  Jafroodi is an individual who is the owner or owner of the majority of shares of stock or

26  major interest holder of Defendant Clearwater Nursery, Inc.  Plaintiffs further allege that

27  Defendant Jafroodi is responsible for the occurrences herein alleged and that the resulting

28  damages were proximately caused by the conduct of Clearwater Nursery, Inc., Custom

AMENDED CLASS ACTION COMPLAINT

1  Labor Services, Inc. and Jafroodi.

2       29.    There exists, and at all times herein mentioned there existed, a unity of

3  interest and ownership between Clearwater Nursery, Inc., and Jafroodi, such that any

4  individuality and separateness between Defendant Jafroodi and Clearwater Nursery, Inc.

5  ceased.  Defendant Clearwater Nursery, Inc. is the alter ego of Defendant JAFROODI, in

6  that Plaintiffs are informed and believe and thereon allege that JAFROODI carried on his

7  business in the corporate name exactly as he had conducted it previous to incorporation,

8  exercising complete control and dominance of such business to such an extent that any

9  individuality or separateness of Defendant Clearwater Nursery, Inc. and Defendant

10  JAFROODI does not, and at all times herein mentioned, did not exist.

11       30.    Adherence to the fiction of the separate existence of the Defendant Clearwater

12  Nursery, Inc. distinct from Defendant JAFROODI would permit an abuse of the corporate

13  privilege and would sanction fraud or promote injustice in that Plaintiffs are informed and

14  believe and thereon allege that the unlawful failure to pay wages and other unlawful and

15  fraudulent action, as herein alleged, was a direct cause of Defendant JAFROODI's

16  actions.

17       31.    Plaintiffs therefore allege, on information and belief, that Defendant

18  JAFROODI directly engaged in the unlawful conduct alleged in this Complaint by

19  personally directing such conduct, giving orders directly to Plaintiffs and other members

20  of the Plaintiff Class, and through Defendant JAFROODI's acts and omissions while

21  directly supervising Plaintiffs and other members of the Plaintiff Class, which resulted in

22  the California wage and hour violations alleged herein.

23       32.    The additional factual allegations below are likely to have evidentiary

24  support after a reasonable opportunity for further investigation and discovery.

25       33.    Plaintiffs are aggrieved employees as defined in Labor Code § 2699.

26       34.    Defendants committed the following violations of the California Labor

27  Code against Plaintiffs and, on information and belief, against the Plaintiff Class:

28            a.    Defendants violated Labor Code §§210, 216, 221,1197,1198 and

558, and 8 Cal. Code of Regulations §§ 11130 by failing to pay Plaintiffs and, on information and belief, the Plaintiff Class all wages due for all hours worked.

b. Defendants violated Labor Code § 226 by failing to maintain and furnish to Plaintiffs and, on information and belief, the Plaintiff Class accurate time records showing all hours worked, including but not limited to the actual time worked and the actual time scheduled and spent waiting for the next day's schedule.

c. Defendants violated Labor Code §226.7, 512 and 558 by failing to permit and provide Plaintiffs and, on information and belief, the Plaintiff Class all rest and meal periods in accordance with IWC Wage Order 13.

d. Defendants violated provisions of IWC Wage Order 13 and Labor Code §§ 510, 558, 1174, 1197, 1198 and 1199 by failing to pay minimum and overtime wages for all hours worked; failing to authorize and permit rest periods and failing to keep accurate information with respect to all hours worked, including the beginning and ending of each work and meal period.

e. Defendants violated Labor Code § 201 and/or 202 by failing to pay Plaintiffs, and on information and belief, the Plaintiff Class all wages due on the date of each employee's involuntary termination or within 72 hours of receipt of notice of each employee's voluntary termination.

f. Defendants violated Labor Code § 6400 by failing to provide a safe and healthful employment environment to Plaintiffs, and on information and belief, the Plaintiff Class.

g. violation of California Labor Code § 2802 by failing to indemnify members of Plaintiff Class for all necessary expenditures or losses

9

1    incurred by members of Plaintiff Class in direct consequences of

2    the discharge of their duties and their obedience to the direction of

3    Defendants.

4        h.    violation of California Labor Code § 450 by compelling or

5    coercing members of Plaintiff Class to patronize Defendant in the

6    purchase of things of value.

7    **IV.   CLASS ALLEGATIONS**

8        35.   Proposed Class. Pursuant to California Code of Civil Procedure §382,

9    Plaintiffs Carolina Ramirez, Luis Angel Colunga Gocabar, Nelly Gonzales, Margarita

10   Hernandez, Rigoberto Saavedra, and Liney Silva, as Class Representatives, bring this

11   action on their own behalf and on behalf of a class comprised of: all persons who have

12   worked as nursery workers not exempt from minimum wage and overtime laws and

13   covered by IWC Wage Order 13,8 Cal. Code of Regulations §11130 ("nonexempt nursery

14   packaging workers") at Clearwater Nursery in San Luis Obispo County, at any time

15   during the period beginning four years prior to the filing of the complaint in this action to

16   the present ("Plaintiff Class").

17       36.   Superiority of Class Action Mechanism. Class certification is appropriate

18   because Defendants have implemented a scheme that is generally applicable to the

19   Plaintiff Class, making it appropriate to issue final injunctive relief and corresponding

20   declaratory relief with respect to the Plaintiff Class as a whole. Class certification is also

21   appropriate because the common questions of law and fact predominate over any

22   questions affecting only individual members of the class. Each member of the proposed

23   Plaintiff Class has been injured and is entitled to recover. Class action treatment will

24   allow those similarly situated persons to litigate their claims in the manner that is most

25   efficient and economical for the parties and the judicial system. Further, the prosecution

26   of separate actions against Defendants by individual class members would create a risk of

27   inconsistent or varying adjudications that would establish incompatible standards of

28   conduct for Defendants. Plaintiffs are informed and believe and thereon allege that the

AMENDED CLASS ACTION COMPLAINT
Exhibit A - Page 18

1  proposed Plaintiff Class consists of more than 200 current and former employees.

2  Members of the class are ascertainable but so numerous that joinder is impracticable. For

3  all these and other reasons, a class action is superior to other available methods for the

4  fair and efficient adjudication of the controversy set forth in this complaint.

5       37.   Community of Interest. Defendants, by their practices and policies, have

6  violated the rights of their employees under California's Unfair Competition Law

7  (Business & Professions Code §§17200 *et seq.*), and the California Labor Code.  The

8  questions raised by this complaint are of common or general interest to the Plaintiff Class

9  members, who have a well-defined community of interest in the questions of law and fact

10 raised in this action.  On information and belief, the common questions of law and fact

11 affecting the rights of all Class members include, but are not necessarily limited to:

12          a.   Whether Defendants' pay practices conform to the requirements of

13             the California Labor Code;

14          b.   Whether Defendants violated Labor Code §§ 510, 1198 and the

15             applicable Wage Order by failing to pay the overtime premiums

16             owed to non-exempt employees who worked in excess of eight (8)

17             hours in one work day or forty (40) hours in one work week;

18          c.   Whether Defendants failed to pay members of the Plaintiff Class

19             their full wages when due upon termination in violation of Labor

20             Code §§ 201 and 202;

21          d.   Whether Defendants failed to pay minimum wages to members of

22             the Plaintiff Class for all hours worked, as required by Labor Code

23             §§ 1182.11-1182.13, 1197, and the minimum wage provisions of

24             Wage Order 13-2001;

25          e.   Whether Defendants are required to pay liquidated damages to

26             Class members who were not paid the minimum wage for all hours

27             worked as required by Labor Code § 1194.2;

28          f.   Whether Defendants are required to pay waiting time penalties to

Class members who were not paid wages due upon termination during the relevant statutory period, as required by Labor Code § 203;

g.    Whether Defendants violated Labor Code § 226.7 and the meal and rest period provisions of Wage Order 13 and Labor Code § 512 by failing to provide adequate off-duty meal periods and/or by failing to authorize and permit members of the Plaintiff Class to take all rest periods to which they were entitled;

h.    Whether Defendants violated Labor Code §226.7(b) by failing to pay members of the Plaintiff Class the premium compensation mandated by that statute for missed meal and rest periods;

i.    Whether Defendants failed to provide accurate itemized wage statements to members of the Plaintiff Class, as required by Labor Code § 226;

j.    Whether Defendants violated Labor Code § 1174 and the record keeping provisions of the applicable Wage Order by failing to keep accurate records of employees' hours of work and other required documentation;

k.    What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged;

m.    Whether Defendants violated California Labor Code § 2802 by failing to indemnify members of Plaintiffs Class for all necessary expenditures or losses incurred by members of Plaintiff Class in direct consequences of the discharge of their duties and their obedience to the direction of Defendants;

n.    Whether Defendants violated California Labor Code § 450 by compelling or coercing members of Plaintiff Class to patronize Defendant in the purchase of things of value; and,

12

1    o.    Other questions of law and fact.

2    38.    <u>Adequacy of Plaintiffs as Class Representatives</u>.  The Class

3    Representatives can adequately and fairly represent the interests of the Plaintiff Class as

4    defined above because their individual interests are consistent with, not antagonistic to,

5    the interests of the class.  The claims of the Plaintiffs are typical of the claims of the class

6    as a whole in that they arise from Defendants' overall failure to conform their wage and

7    hour practices to the requirements of the California Labor Code and the applicable Wage

8    Order.  Each of the Plaintiffs was employed by Defendants as a nonexempt nursery

9    packaging worker at Clearwater Nursery in San Luis Obispo County during the relevant

10    statutory period.  Each of the Plaintiffs was underpaid because of Defendants' unlawful

11    employment policies and practices.

12    39.    <u>Adequacy Of Counsel For The Class</u>.  Counsel for Plaintiffs possess the

13    requisite resources and ability to prosecute this case as a class action and are experienced

14    labor and employment attorneys who have successfully litigated other cases and class

15    actions involving similar issues.

16    **V.  CAUSES OF ACTION**

17    <u>**FIRST CAUSE OF ACTION**</u>

18    **FAILURE TO PAY MINIMUM WAGE**

19    **(Cal. Lab. Code 1197, 1194(a), 1194.2 & Wage Order 13**

20    **ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

21    40.    Plaintiffs incorporate all preceding paragraphs as though fully set forth

22    herein.

23    41.    At all times relevant to this action, Plaintiffs and other members of the

24    Plaintiff Class worked as assembly-line workers packaging for Defendants' business

25    producing blooming plants for home decor in San Luis Obispo County.

26    42.    At all times relevant to this action each Defendant failed to compensate

27    Plaintiffs and the Plaintiff Class for all work performed, in violation of Industrial Welfare

1    Labor Code § 1194.

2       43.    At all times relevant to this action, each Defendant failed to compensate

3 Plaintiffs and other members of the Plaintiff Class for all hours worked each workday,

4 underpaying Plaintiffs by one-half hour (½) to at least three and one half (3 ½) hours

5 worth of wages per workday, in violation of Industrial Welfare Commission Wage Order

6 13 (8 California Code of Regulations § 11130) and California Labor Code §§ 510, 558

7 and 1197.

8       44.    At all times relevant to this action, each Defendant failed to compensate

9 Plaintiffs and other members of the Plaintiff Class for all hours worked each workday,

10 underpaying Plaintiffs by requiring them to wait at the end of a workday for the next

11 work day start time, in violation of Industrial Welfare Commission Wage Order 13 (8

12 California Code of Regulations § 11130) and California Labor Code and Labor Code §§

13 510, 558 and 1197.

14       45.    As such, Plaintiffs, individually and on behalf of other individuals

15 employed under common circumstances and facts, bring this action for minimum wages,

16 liquidated damages, interest, and costs of suit pursuant to 1194(a) and 1194.2. Plaintiffs,

17 individually and on behalf of other individuals employed under common circumstances

18 and facts, also bring this action for attorney's fees pursuant to 1194(a).

19       46.    WHEREFORE, Plaintiffs and other members of the Plaintiff Class are

20 entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to

21 the minimum wages unlawfully unpaid pursuant to California Labor Code § 1194.2,

22 interest thereon, costs of suit; as well as reasonable attorneys' fees.

23                        **SECOND CAUSE OF ACTION**

24      **FAILURE TO PAY OVERTIME AND DOUBLE TIME COMPENSATION**

25               **(CALIFORNIA LABOR CODE 510, 1194)**

26     **ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

27       47.    Plaintiffs incorporate all preceding paragraphs as though fully set forth

28 herein.

48.     California Labor Code § 510(a) establishes the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one half (1 ½) the regular rate of pay. Additionally, work performed in excess of twelve (12) hours in one day or work in excess of eight (8) hours on the seventh consecutive day of work must be compensated at the rate of double the regular rate of pay. The identical provision is found in Wage Order 13, which is authorized under California Labor Code §1185.

49.     As described herein, Defendants violated California Labor Code § 510(a) and Wage Order 13 by employing Plaintiffs and other members of the Plaintiff Class in excess of eight (8) hours in one day, forty (40) hours in a workweek without paying the required overtime rate. Defendants also violated the California Labor Code by failing to pay double time pursuant to California Labor Code provisions and Industrial Welfare Commission Wage Order 13 for work in excess of twelve (12) hours in one day or for work in excess of eight (8) hours on the seventh consecutive day of work.

50.     Plaintiffs, individually and on behalf of other individuals employed under common circumstances and facts, seek to enforce this provision pursuant to Labor Code 1194(a).

51.     WHEREFORE, Plaintiffs and the Plaintiff Class are entitled to the unpaid balance of the full amount of the above noted overtime and double time compensation, interest, costs of suit and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE REST AND MEAL PERIODS OR PAY**

**ONE HOUR OF ADDITIONAL WAGES IN LIEU THEREOF**

**(LABOR CODE § 226.7 & 512 AND WAGE ORDER 13)**

**ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

52.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

53.     Plaintiffs allege that members of the Plaintiff Class, including Plaintiffs,

1    worked for periods of more than five hours without a duty free meal period of no less

2    than 30 minutes and were not provided full ten minute rest periods for each four (4) hour

3    period of work while in the employ of Defendants.

4        54.    Labor Code § 512 and Wage Order 13 provide that no employer shall

5    employ any person for a work period of more than five (5) hours without a meal period of

6    not less than 30 minutes, except that when a work period of not more than six (6) hours

7    will complete the day's work the meal period may be waived by mutual consent of the

8    employer and employee. Pursuant to Labor Code § 226.7, if an employer fails to provide

9    an employee a meal period in accordance with the applicable provisions of this Order, the

10    employer shall pay the employee one (1) hour of pay at the employee's regular rate of

11    compensation for each workday that the meal period is not provided.

12        55.    Defendants violated California Labor Code §§ 226.7 and 512 by failing to

13    provide meal periods mandated by Labor Code § 226.7 and Wage Order. As such,

14    Defendants are liable for one hour of additional wages at the employees' regular rate of

15    compensation for each work day that the meal periods were not lawfully provided.

16        56.    Wage Order 13 states that every employer shall authorize and permit all

17    employees to take rest periods, which insofar as practicable shall be in the middle of each

18    work period. The authorized rest period time shall be at the rate of ten (10) minutes net

19    rest time per four (4) hours or major fraction thereof. However, a rest period need not be

20    authorized for employees whose total daily work time is less than three and one half (3 ½)

21    hours. Authorized rest period time shall be counted, as hours worked, for which there

22    shall be no deduction from wages. If an employer fails to provide an employee a rest

23    period in accordance with the applicable provisions of this Order, the employer shall pay

24    the employee one (1) hour of pay at the employees regular rate of compensation for each

25    rest period is not provided.

26        57.    At all times relevant to this action, Defendants did not authorize or permit

27    Plaintiffs and, on information and belief, other members of the Plaintiff Class to take all

28    rest periods as mandated by California Labor Code § 226.7 and Wage Order 13.

58.    Therefore, Defendants violated California Labor Code § 226.7 by failing to provide rest periods mandated by Labor Code § 226.7 and Wage Order 13, and by failing to provide one hour of additional wages at members of the Plaintiff Class' regular rate of compensation for each rest period not provided.

59.    By failing to keep adequate time records required by sections Labor Code §§ 226 and 1174(d), Defendants have injured Plaintiffs and other members of the Plaintiff Class and made it difficult to calculate the unpaid additional wages due Plaintiffs and other members of the Plaintiff Class.

60.    As a result of the unlawful acts of Defendants, Plaintiffs and other members of the Plaintiff Class have been deprived of premium wages in amounts to be determined at trial, and are entitled, under Labor Code §§ 226.7, 512, and 1194, and the Wage Orders, to recovery of such amounts, plus interest and penalties thereon and costs of suit; as well as attorneys' fees.

61.    WHEREFORE, Plaintiffs request relief as described herein and below.

## FOURTH CAUSE OF ACTION

**FAILURE TO PAY WAGES DUE AT TERMINATION IN TIMELY MANNER
(CALIFORNIA LABOR CODE §§ 201, 202 & 203)
ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

62.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

63.    Defendants failed to pay Plaintiffs, and on information and belief, other members of the Plaintiff Class as herein alleged.

64.    California Labor Code §§ 201 and 202 provide that all wages are due an employee immediately upon discharge or within seventy-two (72) hours of termination where an employee quits without providing seventy-two (72) hours' notice.

65.    Defendants failed to pay, in a timely manner, Plaintiffs and, on information and belief, other members of the Plaintiff Class all of their wages due for work performed, and this failure continued through the time in which Plaintiffs and other

17

1    members of the Plaintiff Class quit or were discharged from their employment with

2    Defendants.  As a result, Defendants have violated California Labor Codes §§

3    201 and 202.

4        66.    California Labor Code § 203 provides for a penalty of one day of wages,

5    for up to thirty (30) days, for each day the employer willfully fails to pay terminated

6    employees.

7        67.    Defendants violated California Labor code §§ 201 and 202 by failing to

8    pay employees who quit or were discharged all of the wages due pursuant to the time

9    lines provided in those sections.  Defendants willfully failed to pay all wages due as the

10    failure to pay was not inadvertent or accidental.

11        68.    Plaintiffs and, on information and belief, other  members of the Plaintiff

12    Class have not received all compensation due, entitling them to penalties under Labor

13    Code §203.

14        69.    More than 30 days have passed since Plaintiffs and, on information and

15    belief, other  members of the Plaintiff Class have left Defendants' employ without

16    receiving payment pursuant to Labor Code § 201 or 202, as applicable.  As a consequence

17    of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain

18    members of the Plaintiff Class are entitled to thirty (30) working days' wages under

19    Labor Code § 203.

20        70.    WHEREFORE, Plaintiffs and other members of the Plaintiff Class are

21    entitled to Labor Code § 203 penalties in amounts to be determined at trial.

22    ## FIFTH  CAUSE OF ACTION

23    ### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH

24    ### ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

25    ### (CALIFORNIA LABOR CODE § 226)

26    ### ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS

27        71.    Plaintiffs incorporate all preceding paragraphs as though fully set forth

28    herein.

18

1     72.     California Labor Code §226(a) requires employers to furnish each

2   employee a pay stub or other receipt itemizing the gross wages earned, total hours

3   worked, number of piece rates if applicable, applicable wage rates, all deductions, net

4   wages, pay period, employer name and address, and the employee's personal information,

5   including name and social security number.

6     73.     Defendants failed to provide accurate itemized statements Plaintiffs and

7   the Plaintiff Class because the wage statements:

8           a.     Falsely understate the gross wages earned by failing to pay for all

9           hours worked;

10          b.     Falsely understate the total hours worked by ignoring the total of

11           hours actually worked;

12          c.     Falsely understate the net wages earned by failing to pay for all

13           hours worked; and

14          d.     Falsely understate the number of hours worked at each hourly rate.

15     74.     California Labor Code § 226(e) and (g) provide that each employee may

16   recover fifty dollars ($50) for an initial violation and one hundred dollars ($100)

17   thereafter up to four thousand dollars ($4,000), costs and reasonable attorneys fees for a

18   knowing violation of the obligation to provide a proper pay stub or other itemized wage

19   receipts. Additionally, an employee may also seek injunctive relief to ensure compliance

20   with this requirement.

21     75.     By failing to keep adequate time records required by Labor Code § 226,

22   Defendants have injured Plaintiffs and other members of the Plaintiff Class, and made it

23   difficult to calculate the unpaid wages due Plaintiffs and other members of the Plaintiff

24   Class, and each Plaintiff and member of the Plaintiff Class is entitled to up to $4,000.00

25   in penalties.

26     76.     WHEREFORE, Plaintiffs and other members of the Plaintiff Class are

27   entitled to Labor Code § 226 penalties in an amount to be determined at trial not to

28   exceed $4,000 per Plaintiff and member of the Plaintiff Class, injunctive relief under

1    California Labor Code § 226(g) cost of suit; as well as attorneys' fees.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE NECESSARY PROTECTIVE CLOTHING AND EQUIPMENT AND FAILURE TO INDEMNIFY EMPLOYEES FOR WORK-RELATED EXPENSES

## (LABOR CODE §2802; WAGE ORDER 13-2001 [8 CAL. CODE OF REGULATIONS §11140])

## ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS

77.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

78.    This action is brought by Plaintiffs and the Plaintiff Class under California Labor Code §2802 which provides employers shall indemnify their employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of their duties or of their obedience to the directions of the employer.

79.    This action is additionally brought under California Wage order 13-2001, which provides that "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft." Wage Order 13-2001, paragraph 9(B).

80.    At times during the relevant statutory period, Defendants did not pay Plaintiffs and members of the Plaintiff Class at least twice the applicable state minimum wage. Therefore, at all relevant times hereto, Defendants were required to provide and maintain all tools and equipment necessary to the performance of Plaintiffs' and Plaintiff Class members' jobs and to protect their health and safety on the job.

81.    Plaintiffs and the Plaintiff Class were required by Defendants to expend monies in direct consequence of the discharge of their duties or of their obedience to the

AMENDED CLASS ACTION COMPLAINT

1    directions of the employer for items including, but not limited to, time cards, gloves,

2    aprons, belts, clips, safety belts, and safety glasses, during their employment with

3    Defendants. Defendant failed to properly reimburse Plaintiffs and the Plaintiff Class for

4    those expenditures.

5         82.    As a direct and proximate result of Defendants' conduct as alleged above,

6    Plaintiffs and the Plaintiff Class have sustained damages in the amount of the monies

7    expended by them in direct consequence of the discharge of their duties or of their

8    obedience to the directions of the employer for items including, but not limited to, time

9    cards, gloves, aprons, belts, clips, safety belts, and safety glasses.  As such, Plaintiffs and

10   the Plaintiff Class are entitled to expense reimbursement in amounts according to proof,

11   plus attorney fees.

12                    **SEVENTH CAUSE OF ACTION**

13              **UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF**

14                      **UNFAIR COMPETITION LAW**

15              **(CALIFORNIA BUS. & PROF CODE §17200 ET SEQ.)**

16     **ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

17        83.    Plaintiffs incorporate all preceding paragraphs as though fully set forth

18   herein.

19        84.    By this cause of action, Plaintiffs seek to enforce important rights affecting

20   the public interest.

21        85.    Plaintiffs allege that each Defendant hired Plaintiffs and, on information

22   and belief, other current and former  members of the Plaintiff Class pursuant to oral and

23   written contracts of employment entered into in San Luis Obispo County, and that

24   Plaintiffs and other members of the Plaintiff Class worked for Defendants as non-exempt

25   employees performing various tasks, including, but not limited to, nursery line and/or

26   packaging work.

27        86.    Plaintiffs and other members of the Plaintiff Class suffered injury in fact

28   and have lost money as a result of Defendants' unfair competition alleged herein.

87.     Defendants are engaged in unlawful and unfair activity prohibited by Business and Professions Code § 17200 et seq.  The actions of Defendants as alleged within this complaint, constitute unlawful and unfair business practices with the meaning of Business and Professions Code § 17200 et seq.

88.     As described above, Defendants have violated the following California laws:

    a.    California Labor Code § 201 by failing to pay all wages earned and unpaid at the time of Plaintiffs and certain members of the Plaintiff Class' discharge from employment by Defendants;

    b.    California Labor Code § 202 by failing to pay all wages earned and unpaid within 72 hours of the time of quitting by Plaintiffs and certain members of the Plaintiff Class from their employment by Defendants;

    c.    California Labor Code § 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, which Defendants conceded to be due to Plaintiffs and members of the Plaintiff class;

    d.    California Labor Code § 216 by willfully refusing to pay wages due and payable to Plaintiffs and members of the Plaintiff class after demand was made while having the ability to pay, and by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Plaintiffs and members of the Plaintiff Class to whom such indebtedness is due;

    e.    California Labor Code § 223 by secretly paying a lower wage to Plaintiffs and members of the Plaintiff Class while purporting to pay the wage designated by statute or by contract;

1    f.    California Labor Code § 226 by failing to provide Plaintiffs and

2        members of the Plaintiff Class with accurate wage statements;

3    g.    California Labor Code § 226.6 by knowingly and intentionally

4        violating the provisions of California Labor Code § 226;

5    h.    California Labor Code § 226.7 by requiring  Plaintiffs and

6        members of the Plaintiff Class to work during meal and rest

7        periods mandated by the applicable Wage Order and failing to

8        provide said  Plaintiffs and members of the Plaintiff Class one (1)

9        hour additional wages at the non-exempt employees' regular rate of

10        compensation for each meal or rest period not provided;

11    I.    California Labor Code § 510 by failing to compensate  Plaintiffs

12        and members of the Plaintiff Class at the rate of no less than one

13        and one-half times the regular rate of pay for an employee for all

14        work in excess of eight (8) hours in one workday and any work in

15        excess of forty (40) hours in any workweek and the first eight (8)

16        hours worked on the seventh day of work in any one workweek,

17        and by failing to compensate  Plaintiffs and members of the

18        Plaintiff Class at the rate of no less than twice the regular rate of

19        pay for an employee for work in excess of twelve (12) hours in one

20        day and any work in excess of eight (8) hours on any seventh day

21        of a workweek;

22    j.    California Labor Code §512 by failing to provide members of the

23        Plaintiff Class with a meal period of not less than 30 minutes for

24        every work period of more than five hours per day and by not

25        providing  members of the Plaintiff Class with a second meal

26        period of not less than 30 minutes for a work period of more than

27        10 hours per day;

28    k.    California Labor Code §1182.11 and 1197 by failing to pay at least

the minimum wage for all hours worked by Plaintiffs and members of the Plaintiff Class;

l.   California Labor Code §1198 by failing to pay minimum and/or overtime wages for all hours worked by Plaintiffs and members of the Plaintiff Class;

m.   California Labor Code § 2802 by failing to indemnify members of Plaintiffs Class for all necessary expenditures or losses incurred by members of Plaintiff Class in direct consequences of the discharge of their duties and their obedience to the direction of Defendants.

n.   California Labor Code § 450 by compelling or coercing members of Plaintiff Class to patronize Defendant in the purchase of things of value.

89.   Defendant failed to provide Plaintiffs and members of the Plaintiff Class with a safe and healthful working place of employment as required by Labor Code §6400 and specifically:

a.   failed to provide potable water, as required by 8 Cal. Code Regs. § 3363;

b.   Failed to provide members of the Plaintiff Class with toilet, sanitary and washing facilities, as required by 8 Cal. Code Regs §§ 3364, 3365 and 3366.

90.   Defendants' acts and omissions alleged herein also constitute unfair and unlawful practices in violation of Cal. Bus. & Prof. Code §§17200 et seq. because Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs, other members of the Plaintiff Class, and the public.

91.   Plaintiffs are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

24

92.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs and other members of the Plaintiff Class. Defendants should be enjoined from this activity and ordered to restore to Plaintiffs and other members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code §17203. Plaintiffs are informed and believe, and thereon allege, that Defendants are unjustly enriched through their failure to pay legal wages, and/or other compensation. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other members of the Plaintiff Class are prejudiced by Defendants' unfair business practices.

93.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs and the other members of the Plaintiff Class have lost money and are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiffs and other members of the Plaintiff Class as a result of the business acts and practices described herein and an order enjoining Defendants to cease and desist from engaging in the practices described herein.

94.     The unlawful and unfair conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiffs alleged that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require members of the Plaintiff Class to work "off the clock" and without compensation, will continue to require members of the Plaintiff Class to work during rest or meal periods without providing the appropriate additional compensation in lieu thereof; will continue to fail to pay accrued vacation pay; will continue to underpay Plaintiffs and members of the Plaintiff Class for overtime hours worked; and will continue with the remainder of violations described above.

95.     Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiffs and other members of the Plaintiff Class to work "off the clock" and without compensation, prohibiting other

AMENDED CLASS ACTION COMPLAINT

Exhibit A - Page 33

1  wrongful conduct which is the subject of this Complaint and which may later be

2  discovered in the course of litigation. As set forth above, each Defendant's unlawful

3  business practices present a continuing threat to certain Plaintiffs and members of the

4  Plaintiff Class, and cause irreparable harm that cannot be adequately remedied at law.

5       96.     WHEREFORE, Plaintiffs and other members of the Plaintiff Class they

6  seek to represent request relief as described herein and below.

7                              **EIGHTH CAUSE OF ACTION**

8                **UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF**

9                         **UNFAIR COMPETITION LAW**

10  **(CALIFORNIA BUS. & PROF CODE §17202 AND LABOR CODE §§ 203 and 226)**

11     **ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

12       97.     Plaintiffs incorporate all preceding paragraphs as though fully set forth

13  herein.

14       98.     Defendants' failure to timely pay wages upon termination violated and

15  violates California Labor Code §§ 201 and 202.

16       99.     California Labor Code §203 provides that employers who fail to pay

17  wages due in violation of California Labor Code §§ 201 and 202 are liable for one day's

18  wages each day after termination that the wages remain unpaid up to a maximum of thirty

19  (30) days. Defendants' failure to pay timely wages upon the termination or voluntary quit

20  of Plaintiffs and members of the Plaintiff Class violates the California Labor Code §§

21  201 and 202. California Business and Professions Code §17202 entitles Plaintiffs and

22  each other such person to recover waiting time penalties pursuant to California Labor

23  Code § 203, in amounts to be proven at trial.

24       100.    Defendants' failure to maintain adequate time records of Plaintiffs' and

25  members of the Plaintiff Class' work and to provide Plaintiffs and members of the

26  Plaintiff Class with itemized pay stubs or receipts violates California Labor Code § 226.

27       101.    California Labor Code § 226 provides that an employer who fails to

28  provide employees with an itemized pay stub or wage receipt is liable for fifty dollars

1    ($50) for the first violation and one hundred dollars ($100) for every violation thereafter

2    up to a total of four thousand dollars ($4,000). Defendants' failure to provide Plaintiffs

3    and members of the Plaintiff Class with itemized pay stubs or wage receipts violates

4    California Labor Code § 226.

5        102.   California Business and Professions Code §17202 entitles Plaintiffs and

6    each other such person to recover the penalties provided by California Labor Code §§203

7    and 226 in amounts to be proven at trial.

8    **NINTH CAUSE OF ACTION**

9    **VIOLATIONS OF LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

10   **(CALIFORNIA LABOR CODE § 2698 ET SEQ.)**

11   **ALL PLAINTIFFS AND PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

12       103.   Plaintiffs  incorporate all preceding paragraphs as though fully set forth

13   herein.

14       104.   Plaintiffs submit this Amended Complaint to include allegations pursuant

15   to Labor Code § 2699 et seq. (The Private Attorney General Act).  Labor Code §

16   2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, Plaintiffs may

17   as a matter of right amend an existing complaint to add a cause of action arising under §§

18   2699 et seq.

19       105.   Plaintiffs and Plaintiff Class are aggrieved employees as defined in Labor

20   Code §2699(a).

21       106.   Labor Code § 2699(f) provides:

22           For all provisions of this code except those for which a civil

23           penalty is specifically provided, there is established a civil penalty for a

24           violation of these provisions, as follows: . . . (2)  If, at the time of the

25           alleged violation, the person employs one or more employees, the civil

26           penalty is one hundred dollars ($100) for each aggrieved employee per pay

27           period for the initial violation and two hundred dollars ($200) for each

28           aggrieved employee per pay period for each subsequent violation.

1    Plaintiffs and Plaintiff Class seek civil penalties as provided under the applicable Labor

2    Code sections for violations of the Labor Code alleged herein pursuant to Labor Code §

3    2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiffs

4    and Plaintiff Class seek civil penalties pursuant to Labor Code § 2699(f) for Defendants

5    violations of those sections. The pre-lawsuit notice requirements set forth in Labor Code

6    § 2699.3 have been satisfied by written notice by certified mail to Defendants and to the

7    Labor and Workforce Development Agency of the Labor Code and IWC Wage Order

8    violations averred herein.  The Agency failed to timely notify Plaintiffs it would

9    investigate these violations.

10         107.    Plaintiffs seeks penalties on behalf of themselves and on behalf of the

11    Plaintiff Class as provided by Labor Code § 2699(I).

12         108.    Defendants are liable to Plaintiffs and Plaintiff Class for the civil penalties

13    set forth in this Amended Complaint.  Plaintiffs and Plaintiff Class are also entitled to an

14    award of attorneys' fees and costs as set forth below.

15                 **VI.  ATTORNEYS' FEES AND COSTS**

16         109.    Plaintiffs hereby re-allege and incorporate by reference each and every

17    allegation contained in paragraphs 1 – 108, as though fully set forth herein.  Plaintiffs are

18    entitled to recover attorneys' fees and costs pursuant to California law, including, without

19    limitation, California Code of Civil Procedure §1021.5, and Labor Code §§ 226(g), 1194,

20    2699 (g) and 2802.  Enforcement of statutory provisions enacted to protect workers and to

21    ensure prompt payment of wages due employees is a fundamental public policy in

22    California.  Consequently, Plaintiffs' success in this action will result in the enforcement

23    of important rights affecting the public interest and will confer a significant benefit upon

24    the public.

25

26                 **VII.  PRAYER FOR RELIEF**

27        WHEREFORE, Plaintiffs on behalf of themselves and the Plaintiff Class pray for

28    judgment against Defendants and each of them as follows:

AMENDED CLASS ACTION COMPLAINT

As to the First Cause of Action:

1.    For an award of all unpaid minimum wages in an amount to be proven at trial.

2.    For an award of liquidated damages in an amount equal to the minimum wages in an amount to be proven at trial.

3.    For prejudgment interest pursuant to Labor Code § 218.6.

As to the Second Cause of Action:

4.    For an award of all unpaid overtime wages in an amount to be proven at trial.

5.    For prejudgment interest pursuant to Labor Code § 218.6.

As to the Third Cause of Action:

6.    For an award equal to one (1) hour of wages for each required rest period Defendants failed to provide in an amount to be proven at trial.

7.    For an award equal to one (1) hour of wages for each required meal period Defendants failed to provide in an amount to be proven at trial.

8.    For prejudgment interest pursuant to Labor Code § 218.6.

As to the Fourth Cause of Action:

9.    For an award of waiting time penalties in an amount equal to thirty (30) times the daily rate of pay, according to proof at trial.

As to the Fifth Cause of Action:

10.    For an award of (a) actual damages for Defendants' failure to maintain time records reflecting all hours worked in an amount to be proven at trial, (b) statutory amounts, or in the alternative (c) $50.00 for the first violation and $100.00 for each subsequent violation up to a maximum of $4,000.00, per each Plaintiff.

11.    For an award of injunctive relief ordering Defendants to comply with Labor Code § 226.

12.    For further equitable relief according to proof.

AMENDED CLASS ACTION COMPLAINT

Exhibit A - Page 37

As to the Sixth Cause of Action:

13.    For reimbursement of all expenses incurred in direct consequence of the discharge of their duties or of their obedience to the directions of the employer according to proof, together with interest thereon;

As to the Seventh Cause of Action:

14.    For an award of a preliminary and permanent injunction ordering Defendants to cease the unlawful and unfair business practices as heretofore alleged.

15.    For restitution to Plaintiffs and the Plaintiff Class in amounts to be proven at trial.

16.    For enforcement and an award of penalties to Plaintiffs and the Plaintiff Class in amounts to be proven at trial.

As to the Eighth Cause of Action

17.    For an award of waiting time penalties for each Plaintiff and the Plaintiff Class in an amount equal to thirty (30) times the daily rate of pay, according to proof to at trial.

18.    For an award of (a) actual damages for Defendants failure to maintain time records reflecting all hours worked in an amount to be proven at trial, (b) statutory amounts, or in the alternative (c) $50.00 for the first violation and $100.00 for each subsequent violation up to a maximum of $4,000.00, per each Plaintiff and the Plaintiff Class.

As to the Ninth Cause of Action

19.    For all provisions of this code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

20.    For all provisions of this code violated as described above for which a

30
AMENDED CLASS ACTION COMPLAINT

1    civil penalty is specifically provided, civil penalties for each aggrieved

2    employee as specifically provided by statute

3    As to All Causes of Action:

4      21.    Certification of the action as a class action on behalf of the Proposed

5    Plaintiff Class as to all causes of action herein.

6      22.    For costs of suit herein generally and pursuant to California Code of Civil

7    Procedure §1021.5.

8      23.    For an award of prejudgment interest as authorized under the law.  For an

9    award of post judgment interest as authorized under the law.

10      24.    For attorneys' fees under Labor Code 226, 1194, and 2699(g)(1), 2802,

11    California Code of Civil Procedure §1021.5.

12      25.    For such other relief as this Court deems just and proper.

13

14

15    Dated: April 4, 2011        HUTKIN LAW FIRM

16

17

18

19    By: _____

20          Allen K. Hutkin, Esq.,
              Attorney for Plaintiffs

21

22

23

24

25

26

27

28

AMENDED CLASS ACTION COMPLAINT

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Kathryn M. Eppright, SBN 161429
Andre Morris & Buttery
1102 Laurel Lane, P.O. Box 730
San Luis Obispo, CA 93406
TELEPHONE NO.: (805) 543-4171     FAX NO.*(Optional)*: (805) 543-0752
E-MAIL ADDRESS *(Optional)*: keppright@amblaw.com
ATTORNEY FOR *(Name)*: Defs. Clearwater Nursery, Inc. & Mahmood Jafroodi

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN LUIS OBISPO
STREET ADDRESS: 1035 Palm Street, Room 385
MAILING ADDRESS: County Government Center
CITY AND ZIP CODE: San Luis Obispo, CA  93408
BRANCH NAME: San Luis Obispo

PLAINTIFF/PETITIONER: Carolina Ramirez, et al.

DEFENDANT/RESPONDENT: Clearwater Nursery, Inc., et al.

| GENERAL DENIAL | CASE NUMBER:<br>CV 110083 |
|---|---|

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:

1.   The complaint is not verified; *or*

2.   The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less),
BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85-86, 90-100, 431.30, and 431.40.)

1.   DEFENDANT *(name)*: Clearwater Nursery, Inc. and Mahmood Jafroodi
generally denies each and every allegation of plaintiff's complaint.

2.   ☒   DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary)*:

See attached separate affirmative defenses

Date: May 31, 2011

Kathryn M. Eppright
(TYPE OR PRINT NAME)

▶                              (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10-426.40.)
The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial:* by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-050 [Rev. January 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**GENERAL DENIAL**

Code of Civil Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

Carolina Ramirez, et al. v. Clearwater Nursery, Inc., et al.
Case No. CV 10083

## SEPARATE AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      As a first, separate and affirmative defense, Defendants Clearwater Nursery, Inc.
and Mahmood Jafroodi ("Answering Defendants") allege that each of the causes of action
individually fail to state facts sufficient to constitute a cause of action against these Answering
Defendants, and each of them, under any legal theory.

### Second Affirmative Defense

2.      As a second, separate and affirmative defense, these Answering Defendants allege
that Plaintiffs are barred by all applicable statutes of limitations, including Code of Civil
Procedure sections 338(a) and 340(a) and Business & Professions Code section 17208.

### Third Affirmative Defense

3.      As a third, separate and affirmative defense, these Answering Defendants allege
that Plaintiffs have unreasonably delayed in bringing this action to the prejudice of these
Answering Defendants and are therefore barred from recovery by the principle of laches.

### Fourth Affirmative Defense

4.      As a fourth, separate and affirmative defense, these Answering Defendants allege
that Plaintiffs are barred from recovery, in whole or in part, because they failed to make
reasonable efforts to mitigate their damages, if any.

### Fifth Affirmative Defense

5.      As a fifth, separate and affirmative defense, these Answering Defendants allege
that Plaintiffs are barred, in whole or in part, from bringing the claims set forth in the complaint
by the principles of waiver and estoppel due to their own negligence in reporting of hours
worked and compliance with reasonable workplace policies and procedures.

///

///

### Sixth Affirmative Defense

6.      As a sixth, separate and affirmative defense, these Answering Defendants allege that no contracts for employment were entered into between the Plaintiffs and these Answering Defendants.

### Seventh Affirmative Defense

7.      As a seventh, separate and affirmative defense, these Answering Defendants allege that Plaintiffs are not entitled to waiting time penalties under California Labor Code section 203, because Plaintiffs have not quit or been discharged or because any failure to pay wages was not willful on the part of these Answering Defendants.

### Eighth Affirmative Defense

8.      As an eighth, separate and affirmative defense, these Answering Defendants allege that Plaintiffs secreted or absented themselves to avoid payment of wages and/or refused to receive the payment fully tendered to them by these Answering Defendants, thereby relieving these Answering Defendants from liability for waiting time penalties under Labor Code section 203.

### Ninth Affirmative Defense

9.      As a ninth, separate and affirmative defense, these Answering Defendants allege that Plaintiffs are not entitled to liquidated damages because any alleged act or omission by these Answering Defendants was in good faith and these Answering Defendants had reasonable grounds for believing that their conduct did not violate any provision of the Labor Code or Industrial Welfare Commission order relating to minimum wages.

### Tenth Affirmative Defense

10.      As a tenth, separate and affirmative defense, these Answering Defendants allege that Plaintiffs' claims are barred by the doctrine of unclean hands due to their intentional non-compliance with reasonable workplace policies and procedures.

///

///

1

## PROOF OF SERVICE

2    I am employed in the County of San Luis Obispo, State of California.  I am over 18 years
of age and not a party to this action.  My business address is 1102 Laurel Lane, San Luis Obispo,
3    CA 93401.

4    On May 31, 2011, I served the within **GENERAL DENIAL** on the interested parties
and/or their attorneys of record to this action by placing a true copy as follows:

5

6                                    *SEE ATTACHED LIST*

7    [ X ]    **BY MAIL**:  I placed a true copy of the foregoing document in a sealed envelope,
addressed to each interested party as set forth above, with postage fully prepaid, for
8    collection and mailing pursuant to the ordinary business practice of this office, which is
that correspondence for mailing is collected and deposited with the United States Postal
9    Service on the same day in the ordinary course of business.

10    [ ]    **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the
offices of the addressee(s).

11    [ ]    **BY OVERNIGHT DELIVERY**:  I caused such envelope(s) to be delivered to the above
parties by the close of the next business day by _____with delivery fees paid
12    or provided.

13    [ ]    **BY FACSIMILE**:  I caused a true copy of the foregoing document(s) to be served by
facsimile transmission at the time shown on each attached transmission report from
14    sending facsimile machine number (805) 543-0752 to each interested party at the
facsimile number as shown above.  Each transmission was reported as complete and
15    without error.  A true copy of each such transmission report is attached hereto.

16

17    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

18    Executed on May 31, 2011, at San Luis Obispo, California.

19

20                                         _Nancy P. Monroe_
                                         Nancy P. Monroe

21

22

23

24

25

26

27

28

248430.doc                                                    GENERAL DENIAL

1
2

### SERVICE LIST
Carolina Ramirez, et al. v. Clearwater Nursery, Inc., et al.
Case No. CV 008311

3

| *Attorney* | *Representing* |
|---|---|

4
5
6
7

Allen K. Hutkin                                    Plaintiffs
Hutkin Law Firm
1229 Higuera Street, 1st Floor
San Luis Obispo, CA  93401
Phone:  (805) 544-1500
Fax:  (805) 544-1532
E-mail:  ahutkin@hutkinlaw.com

8
9
10
11
12

Vincent T. Martinez                          Defendant Custom Labor Services, Inc.
Twitchell & Rice, LLP
215 North Lincoln Street
P.O. Box 520
Santa Maria, CA  93456-0520
Phone:  (805) 925-2611
Fax:  (805) 925-1635
E-mail:  vmartinez@twitchellandrice.com

13
14
15
16

Julia L. Montgomery                          Defendant Custom Labor Services, Inc.
Shannon M. Going
California Rural Legal Assistance Foundation
2210 K Street, Suite 201
Sacramento, CA 95816
Phone:  (916) 446-7904
Fax:  (916) 446-3057

17
18
19
20
21
22
23
24
25
26
27
28

248430.doc

GENERAL DENIAL

In re: Clearwater Nursery, Inc.
United States Bankruptcy Court, Case No. 9:17-bk-10525-PC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101
A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion for Relief from**
**Automatic Stay with Supporting Declaration**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**July  2017**_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
•Jeremy W. Faith (TR)    Trustee@MarguliesFaithlaw.com,
C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com;Brian@MarguliesFaithlaw.com
•David A Juhnke    docket@sjmslaw.com
• United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)    **July  2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  **July  2017**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Hand Delivery:  Hon. Peter Carroll, U.S. Bankruptcy Court, 1415 State Street, Santa Barbara, CA

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July  2017 | Evelyn R. Downs | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re: Clearwater Nursery, Inc.
United States Bankruptcy Court, Case No. 9:17-bk-10525-PC

Attorneys for Plaintiffs:

Rosa Erandi Zamora
California Rural Legal Assistance F
2210 K Street, Ste 201
Sacramento, CA 68516

Allen K. Hutkin
HUTKIN LAW FIRM
1220 Marsh Street
San Luis Obispo, CA 93401

Debtor and Debtor's Attorney:

Clearwater Nursery, Inc.
P.O. Box 1170
Nipomo, CA 93444

Clearwater Nursery
887 Mesa Road
Nipomo, CA 93444-9325

Clearwater Nursery
2901 Sturgis Road
Oxnard, CA 93030-7938

William C Beall
Beall and Burkhardt, APC
1114 State St Ste 200
Santa Barbara, CA 93101

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          F 9013-3.1.PROOF.SERVICE